ALBERT SHOTKIN, PLAINTIFF-RESPONDENT, v. ARROW SANITARY LAUNDRY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Thomas Brunetto.*

For the respondent, *Corn & Silverman.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Second Judicial District of Essex county in favor of the plaintiff, against the defendant, in an action to recover

for damages to plaintiff's taxicab sustained in a collision with the defendant's truck. The accident occurred at the intersection of Sixth avenue and Roseville avenue in the city of Newark. Plaintiff was traveling north on Roseville avenue approaching Sixth avenue. When he arrived at the intersection he says he saw defendant's truck one hundred to one hundred and fifty feet away coming south on Roseville avenue. Plaintiff signaled for a left-hand turn and proceeded to turn left into Sixth avenue. Before he cleared the intersection he was struck by the truck. When he was struck his front wheels had reached the westerly curb line. He was going slowly. The street was slippery; there was snow and ice on the ground. Plaintiff had skid chains on his car. Defendant's witness claimed that plaintiff swerved to avoid a collision with another car and ran into the truck.

Point 1 is that the court erred in denying a nonsuit because there was no evidence of negligence and because plaintiff was guilty of contributory negligence. The testimony that the truck was one hundred and fifty feet away when plaintiff started to turn presents some evidence of negligence and will support the trial judge's finding of fact on the question. Contributory negligence was also a question of fact.

Point 2 deals with four grounds of reversal, the purport of which seems to be that the court erred in finding for the plaintiff instead of for the defendant. A question of fact was presented by the evidence and the trial court will not be reversed when there is any evidence to support the finding.

In addition, defendant had a rule for new trial, on which he argued the question of the weight of the evidence. He is precluded from raising questions on appeal that relate to motions for nonsuit, &c. Exceptions were reserved, but no trial errors are urged on this appeal.

Point 3 assigns error in the action of the District Court judge in not making absolute the rule to show cause allowed defendant. The consideration of the rule to show cause was a discretionary matter and not appealable. There is no abuse of discretion shown.

The judgment is affirmed, with costs.